CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL LEE KENNISON,**<br>**Plaintiff,** | Civil Action No. 7:11-cv-00285 |
| v. | **MEMORANDUM OPINION** |
| **CLAUDE WORRELL,**<br>**Defendant.** | By: Hon. James C. Turk<br>Senior United States District Judge |

Michael Lee Kennison, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant Claude Worrell, the Commonwealth Attorney for the City of Charlottesville. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Worrell authorized an arrest warrant against plaintiff for having contact with a person in violation of a state court's no-contact order. Plaintiff remained incarcerated between his arrest and his trial. At trial, Worrell told the state court that he first sought a show cause order against plaintiff, but he could not find plaintiff although plaintiff lived with his mother and was on probation from Worrell's prior prosecution of him. Because he could not allegedly find plaintiff, Worrell issued an arrest warrant. Worrell further told the state court that he spoke to the protected person in August or September, but the protected person said that she had not seen plaintiff. The Commonwealth presented no witnesses at trial, and Worrell "told the court [that] [plaintiff] can be release[d]." (Compl. 3.)

Plaintiff alleges that no evidence existed to support probable cause to warrant his arrest

and prosecution and, therefore, his prosecution was in violation of the Fourth Amendment of the United States Constitution. Plaintiff requests damages and a declaratory judgment as relief.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although

2

the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In order to state a claim of malicious prosecution under the Fourth Amendment, a plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure. See Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009); Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000) ("[T]here is no such thing as a '§ 1983 malicious prosecution' claim[;] [it] is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution."). Plaintiff presently fails to establish favorable termination because he only states that Worrell "told the court [that] [plaintiff] can be release[d]" without any description of the Commonwealth's ability to refile the relevant charge. Therefore, plaintiff cannot sustain a malicious prosecution action if the Commonwealth retains the right to relitigate the same matter at a later time. See Nicholas v. Wal-Mart Stores, Inc., 33 F. App'x 61, 64-65 (4th Cir. 2002) ("The circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack

of reasonable grounds to pursue the criminal prosecution. Otherwise, every time criminal charges are dismissed by nolle prosequi, a civil malicious prosecution action could result."). See also Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (favorable termination would require showing of innocence for a conviction akin to a reversal on direct appeal, expungment by executive order, declaration of invalid conviction by a state tribunal, or questioned by a federal court's issuance of a writ of habeas corpus). Plaintiff's failure to describe the details of the disposition of the charge, any related charges, or the circumstances of his present confinement following these events is presently fatal to this action. Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the complaint is dismissed without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. Plaintiff may refile his claim in a new and separate action at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 27th day of June, 2011.

*James C. Turk*
Senior United States District Judge